UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES POTLOW, #158008,

    Petitioner,

v.                                         CASE NO. 2:09-CV-14667
                                          HONORABLE PAUL D. BORMAN

CINDI CURTIN,

    Respondent.
                                        /

**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.    Introduction**

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner James Potlow ("Petitioner") was convicted of assault with intent to rob while armed, MICH. COMP. LAWS § 750.89, and attempted armed robbery, MICH. COMP. LAWS § 750.529, following a jury trial in the Oakland County Circuit Court and was sentenced as a fourth habitual offender, MICH. COMP. LAWS § 769.12, to concurrent terms of 18 to 40 years imprisonment. In his pleadings, Petitioner asserts that trial counsel was ineffective for failing to challenge an on-scene identification and that the trial court mis-scored an offense variable (OV 4) under the state sentencing guidelines. For the reasons set forth, the Court denies the petition for a writ of habeas corpus. The Court also denies a certificate of appealability and denies leave to proceed *in forma pauperis* on appeal.

1

## II.     Facts and Procedural History

Petitioner's convictions arise from the assault and attempted robbery of a store cashier in Pontiac, Michigan in 2006. The Michigan Court of Appeals provided a summary of the facts, which is presumed correct on habeas review, *see Monroe v. Smith*, 197 F. Supp. 2d 753, 758 (E.D. Mich. 2001), *aff'd.* 41 F. App'x 730 (6th Cir. 2002), as follows:

> On the evening of December 9, 2006, Samantha Berney was working as a cashier at a Family Dollar store in Pontiac, Michigan. Defendant approached Berney's register and as Berney was placing defendant's items in a bag, defendant grabbed her arm, opened his coat showing Berney a knife, and asked Berney to open the register. Scared, Berney pulled away, hit the panic button and ran to the store's back room while continuing to look back at defendant. Defendant hit the register, but was not able to get any money and he fled. Berney then paced around the store, crying.
>
> When police arrived at the scene, Berney indicated that she "really didn't get a look at the guy's face," but described defendant as a tall African-American man with a moustache, wearing a blue jacket and red hat. Twenty to thirty minutes later, police officers apprehended defendant and summoned Berney to their location. Defendant was wearing a gray sweatshirt-type jacket, burgundy hooded sweatshirt, and a red baseball skullcap.[FN1] The officers told Berney that they had "found a guy that might be the guy" or "we think we got the guy." Berney then identified the police suspect as defendant. Since this incident, Berney has suffered from nightmares.
>
> FN1.  At trial, Berney indicated that defendant had been wearing a maroon hoody, khaki jacket, black pants, and a baseball hat.

*People v. Potlow*, No. 280646, 2009 WL 153426, *1 (Mich. Ct. App. Jan. 22, 2009) (unpublished).

Following his convictions and sentencing, Petitioner filed an appeal as of right with the Michigan Court of Appeals asserting that trial counsel was ineffective for failing to challenge the on-scene identification procedures and that the trial court erred in scoring OV 4 of the sentencing guidelines. The court denied relief on those claims and affirmed Petitioner's convictions. *Id* at *2-3. Petitioner's application for leave to appeal with the Michigan Supreme Court was denied in a standard order. *People v. Potlow*, 483 Mich. 1021, 765 N.W.2d 297 (2009).

Petitioner thereafter instituted this federal habeas action raising the same claims presented to the state courts on direct appeal of his convictions. Respondent has filed an answer to the petition contending that it should be denied for lack of merit.

### III. Standard of Review

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed this petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case."

3

*Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, _ U.S. _, 130 S. Ct. 1855, 1862 (2010) (quoting *Lindh*, 521 U.S. at 333, n. 7; *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)).

The Supreme Court recently held that "a state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, _ U.S. _, 131 S. Ct. 770, 786 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* ( citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003). Pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.* Thus, in order to obtain habeas relief in federal court, a state prisoner must show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.*

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme

4

Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412; *see also Knowles v. Mirzayance*, _ U.S. _, 129 S. Ct. 1411, 1419 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court") (quoting *Wright v. Van Patten*, 552 U.S. 120, 125-26 (2008) (per curiam)); *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington*, 131 S. Ct. at 785. Furthermore, it "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by Supreme Court precedent, the decisions of lower federal courts may be useful in assessing the reasonableness of the state court's resolution of an issue. *See Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003)); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

Lastly, a state court's factual determinations are presumed correct on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

**IV.    Analysis**

    **A.    Ineffective Assistance of Counsel/Identification Procedure Claim**

Petitioner first asserts that he is entitled to federal habeas relief because trial counsel was ineffective for failing to object to the on-scene identification procedure utilized by the police. He

5

claims that the identification procedure was unduly suggestive because he was the only person viewed by the victim and the police indicated that they might have the perpetrator.

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court set forth a two-prong test for determining whether a habeas petitioner has received the ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. Second, the petitioner must establish that counsel's deficient performance prejudiced the defense. Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or appeal. *Id.*

With respect to the performance prong, a petitioner must identify acts "outside the wide range of professionally competent assistance" in order to prove deficient performance. *Id.* at 690. The reviewing court's scrutiny of counsel's performance is highly deferential. *Id.* at 689. Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 690. The petitioner bears the burden of overcoming the presumption that the challenged conduct was sound trial strategy. *Id.* at 689.

To satisfy the prejudice prong under *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is one that is sufficient to undermine confidence in the outcome. *Id.* "On balance, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686.

The Supreme Court has recently confirmed that a federal court's consideration of ineffective assistance of counsel claims arising from state criminal proceedings is quite limited on habeas review due to the deference accorded trial attorneys and state appellate courts reviewing their performance. "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington*, 131 S. Ct. at 788 (internal and end citations omitted).

In this case, the Michigan Court of Appeals denied relief on this claim. The court ruled that trial counsel was not deficient because the victim's on-scene identification was appropriate and not unduly suggestive. The court also concluded that Petitioner was not prejudiced by counsel's conduct given the other evidence of guilt presented at trial. *Potlow*, 2009 WL 153426 at *1-2. This decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.

Due process protects the accused against the introduction of evidence which results from an unreliable identification obtained through unnecessarily suggestive procedures. *Moore v. Illinois*, 434 U.S. 220, 227 (1977). To determine whether an identification procedure violates due process, courts look first to whether the procedure was impermissibly suggestive. If so, courts then determine whether, under the totality of circumstances, the suggestiveness has led to a substantial likelihood of an irreparable misidentification. *Kado v. Adams*, 971 F. Supp. 1143, 1147-48 (E.D. Mich. 1997) (citing *Neil v. Biggers*, 409 U.S. 188 (1972)). Five factors should be considered in determining the reliability of identification evidence:

    1. the witness's opportunity to view the criminal at the time of the crime;
    2. the witness's degree of attention at the time of the crime;
    3. the accuracy of the witness's prior description of the defendant;
    4. the witness's level of certainty when identifying the suspect at the confrontation;

5. the length of time that has elapsed between the time and the confrontation.

*Neil v. Biggers*, 409 U.S. at 199-200.

A criminal defendant has the initial burden of proving that the identification procedure was impermissibly suggestive. If a defendant meets this burden, then the prosecutor must demonstrate that the identification was reliable independent of the suggestive procedure. *See United States v. Wade*, 388 U.S. 218, 240 n. 31 (1967); *Johnson v. Warren*, 344 F. Supp. 2d 1081, 1090 (E.D. Mich. 2004). If a defendant fails to show that the identification procedures were impermissibly suggestive, or if the totality of the circumstances indicate that the identification is otherwise reliable, no due process violation has occurred. As long as there is not a substantial misidentification, it is for the jury or fact-finder to determine the ultimate weight to be given to the identification. *See United States v. Hill*, 967 F.2d 226, 230 (6th Cir. 1992); *Johnson*, 344 F. Supp. 2d at 1090.

The United States Court of Appeals for the Sixth Circuit has held that bringing crime victims immediately to the scene of the crime to identify a defendant is not impermissible or a violation of due process. *See Bruner v. Perini*, 875 F.2d 531, 534-35 (6th Cir. 1989); *Stidham v. Wingo*, 482 F.2d 817, 818-19 (6th Cir. 1973); *see also United States v. Craig*, 198 F. App'x 459, 466 (6th Cir. 2006). Prompt on-scene confrontation is actually consistent with good police work and does not offend the principles established in *Wade, supra*. *See Valtin v. Hollins*, 248 F. Supp. 2d 311, 318 (S.D.N.Y. 2003) (citing *United States ex rel. Cummings v. Zelker*, 455 F.2d 714, 716 (2d Cir. 1972)). On-scene or field identifications "are essential to free innocent suspects and to inform the police if further investigation is necessary." *United States v. King*, 148 F.3d 968, 970 (8th Cir. 1998); *Johnson v. Dugger*, 817 F.2d 726, 729 (11th Cir. 1987) (on-scene confrontations

allow identification "before the suspect has altered his appearance and while the witness' memory is fresh, and permit the quick release of innocent persons").

The on-scene identification procedure used here was not improper. The victim was able to view Petitioner while he was in the store and she provided a relatively accurate description of him and his clothing. She identified Petitioner about 30 minutes after the incident without hesitation and remained certain of her identification at trial. She affirmed that her identification was based upon her observations of Petitioner at the store. Her in-court identification of Petitioner was sufficiently reliable to be admissible, notwithstanding the on-scene procedure that was conducted. *See Bruner*, 875 F.2d at 535.

In addition to considering the reliability of the actual identification, courts also look to other evidence to determine whether, if the identification was tainted, permitting the identification was an error of sufficient magnitude to rise to a constitutional level because of a very substantial likelihood of irreparable misidentification, or whether the error was harmless. *See Robertson v. Abramajtys*, 144 F. Supp. 2d 829, 848 (E.D. Mich. 2001); *see also Solomon v. Curtis*, 21 F. App'x 360, 363 (6th Cir. 2001). The prosecution in this case presented other evidence of Petitioner's guilt to support his convictions, including the victim's description of the perpetrator, the store videotape, and police testimony indicating that Petitioner fit the victim's description, that he was apprehended few blocks from the store with wet shoes and burrs on his clothing, and that he made incriminating statements. Given such evidence, any error in admitting the victim's identification was harmless.

As noted, Petitioner asserts that defense counsel was ineffective for failing to seek suppression of the victim's identification testimony. However, a defense attorney's failure to move to suppress an allegedly unreliable identification is not ineffective absent a reasonable probability

9

that the suppression motion would have resulted in a decision to exclude the testimony. *See Millender v. Adams*, 187 F. Supp. 2d 852, 868 (E.D. Mich. 2002); *aff'd* 376 F.3d 520 (6th Cir. 2004). Given the Michigan Court of Appeals' decision and this Court's determination that the challenged identification testimony was admissible (and that any error was harmless), Petitioner cannot establish that counsel erred and/or that he was prejudiced by counsel's conduct. *See Bruner*, 875 F.2d at 535. Petitioner has failed to establish that trial counsel was ineffective under the *Strickland* standard. Habeas relief is not warranted on this claim.

### B. Sentencing Claim

Petitioner also asserts that he is entitled to habeas relief because his state sentencing guidelines were mis-scored. Claims which arise out of a state trial court's sentencing decision are not normally cognizable upon habeas review, unless the petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law. *See Lucey v. Lavigne*, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001). Petitioner makes no such allegation.

Petitioner's claim that the trial court erred in scoring OV 4 (psychological injury to the victim) under the state sentencing guidelines is not cognizable on federal habeas review because it is basically a state law claim. *See Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) ("A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only."); *Cheatham v. Hosey*, 12 F.3d 211, 1993 WL 478854, *2 (6th Cir. Nov.19, 1993) (ruling that departure from state sentencing guidelines is a state law issue which is not cognizable on federal habeas review); *McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006); *Robinson v. Stegall*, 157 F. Supp. 2d 802, 823 (E.D. Mich. 2001). Any error in scoring the offense variables and determining the guideline range does not merit habeas relief. State courts are

the final arbiters of state law and the federal courts will not intervene in such matters. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987); *see also Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002). Habeas relief does not lie for perceived errors of state law. *See, e.g., Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

Moreover, even if this claim were cognizable, Petitioner is not entitled to relief. The Michigan Court of Appeals determined that OV 4 was properly scored based upon the victim's testimony that she was scared of Petitioner's knife, that she paced and cried after the incident, and that she experienced nightmares. *Potlow*, 2009 WL 153426 at *3. This decision is reasonable and is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. Habeas relief is not warranted on this claim.

**V.     Conclusion**

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claims contained his petition and that the petition for a writ of habeas corpus must be denied.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude

11

the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the claims. *Id*. at 336-37.

Having conducted the requisite review, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right as to his habeas claims. A certificate of appealability is not warranted. The Court further concludes that Petitioner should not be granted leave to proceed *in forma pauperis* on appeal as any appeal would be frivolous and cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

Accordingly;

**IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability and leave to proceed *in forma pauperis* on appeal are **DENIED**.


        S/Paul D. Borman  
        PAUL D. BORMAN  
        UNITED STATES DISTRICT JUDGE

Dated:  May 2, 2011

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means and

**James Potlow**
158008
MOUND CORRECTIONAL FACILITY
17601 MOUND ROAD
DETROIT, MI 48212

by  U.S. Mail on May 2, 2011.

<u>S/Denise Goodine</u>
Case Manager